UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, <br><br> Plaintiffs, <br><br> -against- <br><br> HUMBOLDT WOODWORKING INSTALLATIONS, INC. and FOUR DAUGHTERS LLC, <br><br> Defendants. | 20 CV _____ <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff The Carpenter Contractor Alliance of Metropolitan New York f/k/a New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7. Humboldt Woodworking Installations, Inc. ("Humboldt") is a New York based corporation with a principal place of business located at 38-36 11th Street, Long Island City, New

York 11101.  At relevant times, Humboldt was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

8. Four Daughters LLC ("Four Daughters") is a New York based corporation with a principal place of business located at 38-36 11th Street, Long Island City, New York 11101.  At relevant times, Four Daughters was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## FACTS

**Four Daughters Is Bound to A Collective Bargaining Agreement**

9. At relevant times, Four Daughters was a party to an agreement with the United Brotherhood of Carpenters and Joiners of America (the "International Agreement").

10. The International Agreement provides that payment of contributions for an employee's work in each locality shall be made to such funds in accordance with the amounts identified in the local's applicable collective bargaining agreement.

11. Accordingly, by executing the International Agreement, Four Daughters was required to remit contributions to the Funds in the amounts set forth in the collective bargaining agreement (the "CBA") for  the New York City District Council Carpenters (the "Union") for all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

12. The CBA and the documents and instruments governing the Funds also required Four Daughters to furnish all pertinent books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

**The Funds' Audit of Four Daughters**

13. In July 2018, the Funds conducted a payroll audit of Defendant Four Daughter's books and records (the "Audit") covering the period August 9, 2011 through December 31, 2017 (the "Audit Period").

14. The Audit revealed that Four Daughters failed to remit all contributions to the Funds in the principal amount of $1,875,805.48 for Covered Work it performed throughout the Audit Period.

15. Four Daughters has failed to pay any amounts found to be due and owing by the Audit.

**Humboldt Is Bound To A Collective Bargaining Agreement**

16. At relevant times, Humboldt was a party to, or manifested an intention to be bound by, a CBA with the Union.

17. The CBA required Humboldt to make periodic contributions to the Funds for all Covered Work.

18. The CBA also required Humboldt to furnish all pertinent books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

19. The CBA provides that an employer is liable for payment of all wages and fringe benefits for any non-union subcontractor when that subcontractor performs Covered Work for the employer within the scope of the CBA.

**Defendants are Alter Egos**

20. Alternatively, in the event that Four Daughters is not independently bound to a collective bargaining agreement requiring it remit contributions to the Funds, Humboldt and Four

Daughters were, at all relevant times, alter egos of each other, and they had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

21. Humboldt and Four Daughters were engaged in the same type of work, with both entities performing carpentry work, construction work, and other Covered Work within the scope of Humboldt's CBA.

22. At relevant times, Humboldt and Four Daughters shared a common address: 38-36 11th Street, Long Island City, New York 11101.

23. Humboldt and Four Daughters were both owned and operated by Moshe Granit.

24. Humboldt repeatedly used Four Daughters to perform Covered Work within the scope of Humboldt's CBA, such as installing woodworking, wall panels, and ceiling panels. Neither Humboldt nor Four Daughters remitted contributions in connection with this work.

25. At relevant times, Humboldt's and Four Daughters' websites listed overlapping projects and clients.

26. Upon information and belief, Humboldt and Four Daughters shared equipment, facilities, office staff, and employees.

27. Upon information and belief, Humboldt and Four Daughters failed to follow ordinary corporate formalities or keep separate records, and there was never an arm's-length relationship between them.

28. Upon information and belief, Humboldt used Four Daughters for the purpose of avoiding Humboldt's contractual and statutory obligations to the Funds by having Four Daughters perform Covered Work without conforming to the terms of the CBA.

29. Upon information and belief, Humboldt created or maintained Four Daughters in order to perpetrate a fraud against the Funds and avoid its obligations to the Funds under the CBA.

30. As the alter ego of Humboldt, Four Daughters is subject to the terms of Humboldt's CBA, and each is liable for each other's debts and unpaid contributions to the Funds, including all amounts revealed by the Audit.

## THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST FOUR DAUGHTERS
### (Liability for Violations of the International Agreement, CBA, and ERISA)

31. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

33. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

34. At all relevant times, Four Daughters was a party to or manifested an intent to be bound by the International Agreement.

35. The International Agreement, the CBA, and the documents and instruments governing the Funds required Four Daughters to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

36. Four Daughters failed to remit contributions to the Funds in the principal amount of $1,875,805.48 for Covered Work it performed throughout the Audit Period.

37. Pursuant to the International Agreement, the CBA, sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, section 301 of the LMRA, 29 U.S.C. § 185, and the documents and

instruments governing the Funds, Four Daughters is liable to Plaintiffs for: (1) the principal deficiency revealed by the Audit of $1,875,805.48; (2) interest thereon of $538,635.40; (3) promotional fund contributions of $10,559.38; (4) liquidated damages of $375,161.10; (5) audit costs of $14,503.25; (6) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; (7) interest from the date of the Audit through the date of judgment; and (8) such other legal or equitable relief as the Court deems appropriate.

## THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST HUMBOLDT
### (Liability for Violation of the CBA's Subcontracting Clause)

38. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

40. The CBA provides that employers are responsible for payment of all wages and benefits for any non-union subcontractor when that subcontractor performs Covered Work for the employer.

41. In violation of the CBA, neither Humboldt nor Four Daughters remitted any contributions in connection with the Covered Work Four Daughters performed as a subcontractor for Humboldt as revealed by the Audit.

42. As a result of this violation, pursuant to the CBA and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to an order finding that Humboldt is liable to Plaintiffs for: (1) the principal deficiency revealed by the Audit of $1,875,805.48; (2) interest thereon of $538,635.40; (3) promotional fund contributions of $10,559.38; (4) liquidated damages of $375,161.10; (5) audit costs of $14,503.25; (6) reasonable attorneys' fees and collection costs

incurred by Plaintiffs in this action; (7) interest from the date of the Audit through the date of judgment; and (8) such other legal or equitable relief as the Court deems appropriate.

### THE FUNDS' THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Alter Ego Liability/Liability for Delinquent Contributions/Violation of the CBA)

43. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

45. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

46. At relevant times, Humboldt was a party to, or manifested an intent to be bound by, the CBA.

47. The CBA and the documents and instruments governing the Funds required Humboldt to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

48. In the event Four Daughters was not independently bound to a collective bargaining agreement requiring it to remit contributions to the Funds, Humboldt and Four Daughters were, at all relevant times, alter egos of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

49. By virtue of their status as alter egos, Humboldt and Four Daughters are and have at all relevant times been bound by the CBA and are jointly and severally liable for each other's obligations thereunder.

50. Humboldt and Four Daughters violated the terms of the CBA when they failed to remit contributions when they performed Covered Work as revealed by the Audit.

51. Pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and the documents and instruments governing the Funds, the Funds are entitled to an order finding that: (1) Humboldt and Four Daughters are alter egos of each other, which are jointly and severally liable for each other's debts and obligations; (2) Humboldt and Four Daughters are both jointly and severally liable for all amounts found to be due and owing by the Audit, including the principal deficiency revealed by the Audit of $1,875,805.48, interest thereon of $538,635.40, promotional fund contributions of $10,559.38, liquidated damages of $375,161.10, audit costs of $14,503.25, interest from the date of the Audit through the date of judgment, reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action, and such other legal or equitable relief as the Court deems appropriate; and (3) Humboldt and Four Daughters are jointly and severally liable for all unpaid contributions and associated liquidated damages, interest, and attorneys' fees and costs, found to be due and owing to the Funds during the course of this litigation.

## DEMAND FOR JURY TRIAL

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Funds demand trial by jury in this action of all issues so triable.

**WHEREFORE,** the Funds respectfully request that this Court:

(1) Issue an order on the Funds' First Claim for Relief, finding that Four Daughters is liable to Plaintiffs for: (1) the principal revealed by the Audit of $1,875,805.48; (2) interest thereon of $538,635.40; (3) promotional fund contributions of $10,559.38; (4) liquidated damages of $375,161.10; (5) audit costs of $14,503.25; (6) interest from the date of the Audit through the date of judgment; (7) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (8) such other legal or equitable relief as the Court deems appropriate.

(2) Issue an order on the Funds' Second Claim for Relief, finding that, in connection to work Four Daughters performed as a subcontractor of Humboldt, Humboldt is liable to Plaintiffs for: (1) the principal revealed by the Audit of $1,875,805.48; (2) interest thereon of $538,635.40; (3) promotional fund contributions of $10,559.38; (4) liquidated damages of $375,161.10; (5) audit costs of $14,503.25; (6) interest from the date of the Audit through the date of judgment; (7) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (8) such other legal or equitable relief as the Court deems appropriate.

(3) Issue an order on the Funds' Third Claim for Relief finding that: (1) Humboldt and Four Daughters are alter egos of each other, which are jointly and severally liable for each other's debts and obligations; (2) Humboldt and Four Daughters are both joint and severally liable for: the principal revealed by the Audit of $1,875,805.48, interest thereon of $538,635.40, promotional fund contributions of $10,559.38, liquidated damages of $375,161.10, audit costs of $14,503.25, interest from the date of the Audit through the date of Judgment, reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) Humboldt and Four

Daughters are jointly and severally liable for all unpaid contributions and associated liquidated damages, interest, and attorneys' fees and costs, found to be due and owing to the Funds during the course of this litigation; and

(4)  Award the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 20, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:   /s/
Nicole Marimon
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
nmarimon@vandallp.com
*Attorneys for Plaintiffs*